Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | John W. Darrah |
|---|---|---|---|
| **CASE NUMBER** | 10-cv-8014 | **DATE** | 4/19/11 |
| **CASE TITLE** | Brooks v. Department of Treasury, et al. | | |

### DOCKET ENTRY TEXT

The Department of Treasury filed a Motion to Dismiss Plaintiff's Complaint [5, 6]. The Department of Treasury's Motion to Dismiss [5, 6] is granted with prejudice.

■ [ For further details see text below.]   Docketing to mail notices.

### STATEMENT

On December 19, 2008, Plaintiff filed suit in state court against the Department of Treasury, IRS Special Agent Thomas Glunz, and Allied Towing, alleging (1) a violation of his civil rights under 42 U.S.C. § 1983 and (2) the common-law tort of conversion, for the seizure of his vehicle. Plaintiff is seeking $200,000 in damages. On December 17, 2010, the case was removed to federal court pursuant to 28 U.S.C. § 1442(a).

Before this Court is the Department of Treasury's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. In Plaintiff's response to the Motion to Dismiss, he voluntarily withdraws both claims against the Department of Treasury. However, even if Plaintiff had not, Defendant's Motion is properly granted.

In determining whether to grant a motion to dismiss for failure to state a claim, the court accepts as true all well pleaded factual assertions set forth in the complaint and draws all reasonable inferences from those facts in favor of the nonmoving party. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court can dismiss an action "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Christensen v. County of Boone, IL.*, 483 F.3d 454, 458 (7th Cir. 2007) (*Christensen*) (citing *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)).

To prevail on a 42 U.S.C. § 1983 claim, a plaintiff must prove that: (1) his rights under the Constitution were denied, (2) by an individual acting under the color of *state* law. *Christensen*, 483 F.3d 454, 459 (7th Cir. 2005) (emphasis added). Constitutional rights that are deprived under the color of *federal* law cannot be redressed through a section 1983 lawsuit. Here, Plaintiff's Constitutional rights were not deprived under the color of state law; the seizure of Plaintiff's car was not authorized by or made pursuant to state law. The IRS and its agents, Special Agent Glunz and Allied Towing, acted under the authority of federal law in seizing Plaintiff's car. Since a deprivation did not occur under the color of state law, there are no sets of facts that would show that Plaintiff is entitled to relief based on a 42 U.S.C. § 1983 action. Therefore, Plaintiff's

## STATEMENT

claim is dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted.

Moreover, the Department of Treasury is not a proper defendant for injuries that were caused by the misconduct of federal agents. Relief for the misconduct of federal agents can be obtained either by a suit against the agent for a constitutional tort or by suit against the United States under the Federal Torts Claims Act (FTCA). *Sisk v. United States*, 756 F.2d 497, 500 (7th Cir. 1985). A federal agency is not a proper party defendant in a common-law tort lawsuit. When a claim under the FTCA is asserted, the only proper defendant is the United States not its agencies or departments. *See* 28 U.S.C. § 1346(b)(1). As such, Plaintiff's common-law tort claim of conversion against the Department of Treasury is dismissed for lack of subject-matter jurisdiction.

Notwithstanding Plaintiff's withdrawal of his causes of action against the Department of Treasury, the Department of Treasury's Motion to Dismiss is granted with prejudice.