

| Order Form (01/2005) | | | | |
|---|---|---|---|---|
| **United States District Court, Northern District of Illinois** | | | | |
| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | | |
| **CASE NUMBER** | 10 C 8014 | **DATE** | 7/14/11 | |
| **CASE TITLE** | Brooks v. Department of Treasury | | | |

**DOCKET ENTRY TEXT**

Defendant, the Department of Treasury, filed a Motion to Substitute the United States as a Defendant and to Dismiss Count II. Defendant's Motion [17, 18] is granted with prejudice.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On December 19, 2008, Plaintiff, Gregory Brooks, filed suit in state court against the Department of Treasury, Internal Revenue Service Special Agent Thomas Glunz, and Allied Towing, alleging (1) a violation of his civil rights under 42 U.S.C. §1983 and (2) the common-law tort of conversion, for the seizure of his vehicle. On December 1, 2010, the case was removed to federal court. The Department of Treasury filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. On April 19, 2011, Defendant's Motion was granted with prejudice.

Before this Court is the United States' Motion to Substitute the United States as a Defendant and to Dismiss Count II of the Complaint for failure to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"). In determining whether to grant a motion to dismiss for failure to state a claim, the court accepts as true all well pleaded factual assertions set forth in the complaint and draws all reasonable inferences from those facts in favor of the nonmoving party. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court can dismiss an action "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Christensen v. County of Boone, IL.*, 483 F.3d 454, 458 (7th Cir. 2007) (citing *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)).

The FTCA accords federal employees absolute immunity from tort claims arising out of acts undertaken in the course of their official duties, 28 U.S.C. § 2679(b)(1), and empowers the Attorney General, or his designee, to certify that a federal employee sued for wrongful or negligent conduct "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1), (2); *Osborne v. Haley*, 549 U.S. 229-230 (2007). Here, per the Attorney General's certification (*see* Dkt. No. 18, Ex. A), Special Agent Glunz was acting within the scope of employment at the time of the incidents out of which the claim arose. As such, the United States' Motion to Substitute the United States as a Defendant is granted.

Regarding the Government's Motion to Dismiss Count II, no one may file suit under the FTCA without first filing an administrative claim with the affected agency. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 111 (1993); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997). Prior to filing

| STATEMENT |
|---|
| suit, Brooks was required to file an administrative claim with the Internal Revenue Service and have it denied in writing or await the failure of the agency to deny the claim within six months of its submission. 28 U.S.C. § 2675(a). As Brooks failed to file an administrative claim, Count II of the Complaint is dismissed.<br>    Defendant's Motion to Dismiss is granted with prejudice. |